**Edwin A. BURTNICK**

v.

**Jacqueline F. McLEAN, et al.**

**Civ. No. S 94–3440.**

United States District Court,
D. Maryland.

Jan. 30, 1995.

Howard J. Schulman and Joseph S. Kaufman, Schulman & Kaufman, LLC, Baltimore, MD, for plaintiff.

John H. Morris, Jr., Maria Cristina Gutierrez, James S. Ruckle, Jr., Sen. Sol., Baltimore, MD, for defendants.

## MEMORANDUM OPINION

SMALKIN, District Judge.

This matter is before the Court on the defendant's motion for summary judgment, which will be granted by a separate order to be entered herein.

The plaintiff alleges that he was discriminated against on the basis of his religious preference and age when his position as Assistant Comptroller III was abolished by legislative (budget approval) action of the Mayor and City Council of Baltimore. He claims that a person not of his preference or age group was then hired as Administrative Officer III, subsuming duties that he formerly performed. The motion for summary judgment has been briefed, and no oral hearing is necessary. Local Rule 105.6, D.Md.

▇▇▇ While, ordinarily, summary judgment is not to be granted until discovery is completed, if the necessary affidavits cannot be obtained, it is incumbent upon counsel to submit an affidavit, pursuant to Fed.R.Civ.P. 56(f), stating why. *Celotex Corp. v. Catrett,* 477 U.S. 317, 326 n. 6, 106 S.Ct. 2548, 2554 n. 6, 91 L.Ed.2d 265 (1986). In this case, counsel has not done so, but simply asks that the Court construe the plaintiff's affidavit as a Rule 56(f) affidavit. This, it certainly will not do, because the plaintiff's affidavit does not show any reason why affidavits and other factual material cannot now be obtained to meet the present motion. Additionally, the present motion does not call factual matter into triable issue, in that its outcome is settled by Fourth Circuit case law. Furthermore, further discovery in the form of questioning the Board of Estimates—of which defendant McLean is a voting member—is inappropriate under the Fourth Circuit's decision in *Baker v. Mayor and City Council of Baltimore,* 894 F.2d 679, 682 (4th Cir.1990).

▇▇▇ Turning to the merits, this case is absolutely controlled by the decisions of this Court and of the Fourth Circuit in *Baker v. Mayor and City Council of Baltimore,* Civil No. S 87–655 (Nov. 4, 1988, D.Md.), *aff'd,* 894

F.2d 679 (4th Cir.1990). Plaintiff's attempt to distinguish *Baker* is totally unpersuasive, because even a cursory comparison of the duties of his abolished job and those of the position of Administrative Officer III as described in the exhibits he submitted shows that the duties of the two positions are completely different. Obviously, whenever a governmental position is abolished, the duties of its incumbent end up being performed by someone else, unless the position was an utter sinecure. Plaintiff can hardly claim to have occupied a sinecure for many years. Thus, there is no basis here for departing from the rule of law announced in *Baker*.

For the reasons stated, an Order will be entered separately, granting summary judgment in favor of the defendants.

### *ORDER AND JUDGMENT*

For the reasons stated in the foregoing Memorandum Opinion, it is, this 30th day of January, 1995, by the Court, ORDERED and ADJUDGED:

1. That defendant's motion for summary judgment BE, and it hereby IS, GRANTED;

2. That judgment BE, and it hereby IS, entered in favor of the defendants and against the plaintiff; and

3. That the Clerk of Court mail copies of the foregoing Memorandum Opinion and of this Order and Judgment to counsel for the parties.